IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Minnesota Right to Life and  
Minnesota Gun Rights,

      Plaintiffs,

vs.

Faris Rashid, et al.,

      Defendants.

No. 25-cv-2476 NEB/DTS

**ANSWER**

Defendants Faris Rashid, Carol Flynn, Stephen Swanson, King Banaian, David Asp, Jeff Sigurdson, and Megan Engelhardt, in their official capacities, and Defendant Megan Engelhardt, in her individual capacity, answer the complaint of Plaintiffs Minnesota Right to Life and Minnesota Gun Rights as follows:

1. Except as expressly admitted, denied, or otherwise qualified, deny each allegation in the complaint.

2. Defendants object to Plaintiffs' multi-page introduction as failing to state their claims in numbered paragraphs limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).

3. With respect to the first paragraph of the introduction, the first, third, and fourth paragraphs contain legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny the second sentence of the first paragraph.

4. With respect to the second paragraph of the introduction, the second and third sentences contain legal conclusions to which no response is required. Defendants deny the first and fourth sentences of the second paragraph.

5. With respect to the third paragraph of the introduction, *Calzone v. Summers*, 942 F.3d 415 (8th Cir. 2019), speaks for itself, and Defendants deny the third sentence to the extent it misconstrues that case. Defendants deny the first, second, and fourth sentences of the third paragraph.

6. Defendants deny the fourth paragraph of the introduction.

7. Paragraphs 1-2 contain legal conclusions for which no response is required.

8. With respect to paragraphs 3-4, Defendants admit that Plaintiffs have filed as non-profit organizations with the Minnesota Secretary of State. Defendants lack sufficient information to admit or deny the remainder of these paragraphs.

9. Defendants lack sufficient information to admit or deny paragraph 5.

10. Defendants admit paragraphs 6-8.

11. Defendants deny paragraph 9. Defendants state that George Soule is no longer a member of the Board and that King Banaian has been automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

12. Defendants admit paragraphs 10-11.

13. With respect to paragraph 12, Defendants admit that Megan Engelhardt is the assistant executive director of the Minnesota Campaign Finance and Public Disclosure Board. Defendants deny that Plaintiffs are suing "Sigurdson" in "her" individual and official capacities. Defendants state that the caption of Plaintiffs' complaint states that they are suing Engelhardt in her individual and official capacities, but suing Sigurdson only in his official capacity.

14. With respect to paragraphs 13-15, Defendants admit the offices and roles of the individuals identified therein. Based on the voluntary dismissal in this case, Defendants deny that Plaintiffs are suing the identified individuals.

15. With respect to paragraphs 16-24, the cited statutes, rules, and advisory opinion speak for themselves. Defendants deny these paragraphs to the extent they are inconsistent with these materials. Defendants lack sufficient information to admit or deny the vague allegation that the news-medium exception is "broadly" interpreted by the Board.

16. Defendants admit paragraph 25.

17. With respect to paragraph 26, the cited statutes speak for themselves. Defendants deny the paragraph to the extent it is inconsistent with the statutes.

18. With respect to paragraph 27, Defendants admit that Plaintiffs filed as non-profit organizations with the Minnesota Secretary of State. Defendants lack sufficient information to admit or deny the remainder of the paragraph.

19. Defendants lack sufficient information to admit or deny paragraphs 28-39.

20. With respect to paragraph 40, to the extent that paragraph describes the requirements of Minn. Stat. § 10A.04, subd. 6(d), that statute speaks for itself. Defendants deny the description to the extent it is inconsistent with the statute. Defendants lack sufficient information to admit or deny the last two sentences of paragraph 40.

21. Defendants lack sufficient information to admit or deny paragraphs 41-44.

22. Defendants admit paragraph 45.

23. With respect to paragraph 46, Defendants lack sufficient information to admit or deny Plaintiffs' worries. Minn. Stat. § 10A.025, subd. 2, speaks for itself. Defendants deny paragraph 46 to the extent it is inconsistent with the statute.

24. Defendants admit paragraphs 47-48. Defendants state that Engelhardt's letters conveyed the filing requirements for lobbyist principal reports under Minnesota law.

25. Defendants deny paragraph 49. Defendants state that Engelhardt's letters stated that "[t]he Board may begin legal proceedings to compel the required filing and assessment of late filing fees and penalties."

26. With respect to paragraph 50, Defendants incorporate the above responses by reference.

27. With respect to paragraph 51, the cited statute and rule speak for themselves. Defendants deny paragraph 51 to the extent it is inconsistent with these materials.

28. Paragraphs 52-53 contain legal conclusions for which no response is required.

29. Defendants lack sufficient information to admit or deny paragraphs 54-55.

30. Paragraph 56 contains legal conclusions for which no response is required. Defendants deny violating the First Amendment.

31. Defendants lack sufficient information to admit or deny paragraph 57.

32. Defendants deny paragraph 58.

33. With respect to paragraph 59, Defendants incorporate the above responses by reference.

34. With respect to paragraph 60, the first sentence contains a legal conclusion for which no response is required. Defendants lack information to admit or deny the remainder of paragraph 60.

35. Defendants deny paragraph 61.

36. With respect to paragraph 62, Defendants deny that Minn. Stat. § 10A.04, subd. 6(d) serves no permissible purpose. Defendants lack sufficient information to admit or deny the remainder of paragraph 62.

37. Defendants deny paragraph 63.

38. With respect to the relief requested in Plaintiffs' prayer for relief, Defendants admit that Plaintiffs are seeking the specified relief but deny that they are entitled to such relief.

## DEFENSES

1. Plaintiffs lack standing.

2. Plaintiffs' claims are not ripe.

3. Plaintiffs fail to state a claim upon which relief can be granted.

4. To the extent that Plaintiffs have been injured, these injuries are the result of the conduct of third persons over whom Defendants exercise no control.

5. Defendants reserve any other available claims, affirmative defenses, or objections.

Dated: November 10, 2025                Respectfully submitted,

                                                  KEITH ELLISON
                                                  State of Minnesota
                                                  Attorney General

                                                  s/**Allen Cook Barr**
                                                  ALLEN COOK BARR (#0399094)
                                                  MADELEINE DEMEULES (#0402648)
                                                  NATHAN J. HARTSHORN (#0320602)
                                                  Assistant Attorneys General

                                                  445 Minnesota Street, Suite 600
                                                  St. Paul, Minnesota 55101-2125
                                                  (651) 757-1487 (Voice)
                                                  (651) 297-1235 (Fax)
                                                  allen.barr@ag.state.mn.us
                                                  madeleine.demeules@ag.state.mn.us
                                                  nathan.hartshorn@ag.state.mn.us

                                                  ATTORNEYS FOR DEFENDANTS

|#6220336