UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Minnesota Right to Life and Minnesota           Court File No. 25-cv-2476 (NEB/DTS)
Gun Rights,

              Plaintiffs,

   vs.                                                                    **RULE 26(f) REPORT**

Faris Rashid, et al.,

              Defendants.

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on January 22, 2026, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 has not yet been scheduled. The parties are in agreement on a proposed discovery plan and schedule, and they are tendering a proposed scheduling order with this report. To the extent the Court determines an initial pretrial conference is necessary, the parties request that the conference be held by telephone.

## DESCRIPTION OF THE CASE

1. <u>Concise factual summary of Plaintiff's claims</u>: Plaintiffs are two non-profit, non-partisan organizations that engage in grassroots advocacy efforts in Minnesota. Plaintiffs contend that Minnesota's law, which classifies such grassroots advocacy as lobbying and requires Plaintiffs to report information about their activities, violates the First Amendment. Plaintiffs bring facial and as-applied challenges to the general reporting requirements for grassroots advocacy as well as the specific requirement that organizations report information about certain vendors used for advertising expenses.

2. <u>Concise factual summary of Defendant's claims/defenses</u>: Defendants assert several jurisdictional defenses, including standing and ripeness. Defendants further assert that Plaintiffs' claims fail on the merits. The grassroots lobbying disclosure requirements are narrowly tailored and serve important state interests.

3. <u>Statement of jurisdiction (including statutory citations)</u>: This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, which confer original

jurisdiction on federal district courts to hear suits alleging the violation of federal law, including rights conferred by the United States Constitution.

4. <u>Summary of factual stipulations or agreements</u>: None at this time.

5. <u>Statement of whether a jury trial has been timely demanded by any party</u>: No jury trial has been demanded.

6. <u>Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable</u>: The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials.

## PLEADINGS

<u>Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action</u>: All process has been served. The complaint and answer have both been filed. Plaintiffs do not currently anticipate amending their complaint or moving to add any additional parties, however Plaintiffs reserve the right to seek amendment or joinder at a later time. Defendants do not currently anticipate amending their answer or moving to add any additional parties, however Defendants reserve their right to seek amendment or joinder at a later time.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before March 13, 2026.

2. The parties do not currently anticipate completing any physical or mental examinations under Fed. R. Civ. P. 35.

3. The parties must commence fact discovery procedures in time to be completed by September 8, 2026.

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

   a. 25 interrogatories;

   b. 25 document requests;

    c.     25 requests for admission;

    d.     5 factual depositions;

    e.     0 Rule 35 medical examinations;  and

    f.     No other discovery procedures at this time, though both parties reserve the right to seek such other procedures with court permission.

## EXPERT DISCOVERY

1. The parties anticipate that they will require expert witnesses at trial.

    a.     Plaintiffs anticipate calling one or two experts in the fields of political science and democratic governance.

    b.     Defendants anticipate calling two (2) experts in the fields of campaign finance and disclosure-related speech, respectively.

2. The parties propose that the Court establish the following plan for expert discovery:

    a.     Expert Disclosures

        (i)    The identity of any expert whom the parties may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before October 9, 2026.

        (ii)   The identity of any rebuttal expert whom the parties may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before November 13, 2026.

3. All expert discovery, including expert depositions, must be completed by December 11, 2026.

## OTHER DISCOVERY ISSUES

1. <u>Protective Order</u>: The parties have discussed whether they believe that a protective order is necessary to govern discovery and will submit a proposed protective order.

2.    <u>Discovery of Electronically Stored Information</u>: The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: The parties have not identified any disagreements and do not anticipate needing any agreements or protocols at this time, beyond those set forth in the accompanying proposed protective order.

3.    <u>Claims of Privilege or Protection</u>: The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Rule 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Rule of Evidence 502. The parties request the Court to include the following agreement in the scheduling order or as part of the protective order: "The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding."

4.    <u>Minnesota Government Data Practices Act</u>: The parties anticipate that discovery may implicate the Minnesota Government Data Practices Act, Minn. Stat. ch. 13. The parties therefore request the Court to include the following in its scheduling Order: To the extent necessary for the disclosure of data classified as "not public" under the Minnesota Government Data Practices Act (Minn. Stat. § 13.01 et seq.), the parties, and any third-parties producing data pursuant to a subpoena issued in this action, are hereby authorized to disclose "not public" data, including the records of third parties, to the extent such information is non-privileged and responsive. The producing parties may designate such data as confidential or attorneys-eyes-only where appropriate. Any disputes over designating data as confidential or attorneys-eyes-only must be resolved according to the terms of the protective order entered in this action.

**MOTION SCHEDULE**

The parties propose the following deadlines for filing motions:

1.    <u>Motions to join other parties</u>: filed and served by March 13, 2026.

2.    <u>Motions to amend the pleadings</u>: filed and served by March 13, 2026.

3.    <u>Non-Dispositive Motions</u>:

    a.    All non-dispositive motions relating to fact discovery must be filed and served by October 2, 2026.

    b.    All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by January 22, 2027.

4.    <u>Dispositive Motions</u>: filed and served by March 5, 2027.

## TRIAL-READY DATE

1.    The parties agree that the case will be ready for trial on or after 30 days after the Court renders its decision on any dispositive motions.

2.    The anticipated length of the trial is 5 days.

3.    The parties propose that the final pretrial conference be held on or before 14 days prior to trial, or 21 days after the Court renders its decision on any dispositive motions, whichever is later.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Plaintiffs: N/A

Defendants are self-insured.

## SETTLEMENT

The parties discussed settlement at the Rule 26(f) meet-and-confer. Because Plaintiffs are challenging the constitutionality of Minnesota statutes, the parties do not anticipate settlement. The parties request that if the court does schedule alternative dispute resolution, that it do so after dispositive motions have been fully briefed.

## TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). If the parties later consent, they will file the Consent Form.

DATE: <u>February 24, 2026</u>

s/**Brett R. Nolan**
BRETT R. NOLAN (pro hac vice)
Institute for Free Speech
1150 Connecticut Ave. NW, Suite 8
Washington, D.C. 20036
(202) 301-3300
bnolan@ifs.org

LEE U. MCGRATH (#0341502)
1300 Yale Place
Minneapolis, MN 55403
(612) 963-0296
leeumcgrath@outlook.com

ATTORNEYS FOR PLAINTIFFS

Dated: <u>February 24, 2026</u>

KEITH ELLISON
State of Minnesota
Attorney General

s/**Allen Cook Barr**
ALLEN COOK BARR (#0399094)
MADELEINE DEMEULES (#0402648)
NATHAN J. HARTSHORN (#0320602)
Assistant Attorneys General

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1487 (Voice)
(651) 297-1235 (Fax)
allen.barr@ag.state.mn.us
madeleine.demeules@ag.state.mn.us
nathan.hartshorn@ag.state.mn.us

ATTORNEYS FOR DEFENDANTS

|#6016754-v1