**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MINNESOTA RIGHT TO LIFE and MINNESOTA GUN RIGHTS,<br><br>Plaintiffs,<br><br>v.<br><br>FARIS RASHID, in his official capacity as Chair of the Minnesota Campaign Finance and Public Disclosure Board, *et al.*,<br><br>Defendants. | Case No: 25-cv-02476 (NEB/DTS)<br><br>**[PROPOSED] CONSENT JUDGMENT** |

This matter comes before the Court on the parties' joint motion to dismiss and for entry of a consent judgment and permanent injunction. The Court, having reviewed the motion and the terms of the proposed consent judgment, finds that the proposed judgment and injunction are " substantively and procedurally fair, reasonable, and consistent with the governing law." *Wealth Enhancement Grp., LLC v. Darrah*, No. 23-CV-03034 (JMB/JFD), 2024 U.S. Dist. LEXIS 254188, at *4 (D. Minn. Dec. 26, 2024) (quotation omitted).

"A consent judgment is procedurally fair when the parties' negotiations were conducted 'in good faith and at arm's length.'" *Id.* (quoting *Ctr. for Biological Diversity v. Strommen*, 657 F. Supp. 3d 1187, 1195 (D. Minn. 2023)). Here, the proposed judgment is procedurally fair because "[b]oth parties are represented by experienced counsel who negotiated the agreement

at arm's length" and "[t]he record does not supply any reason to doubt the good faith negotiating of both parties." *Id.*

"Substantive fairness considers 'concepts of corrective justice and accountability,' to ensure that a party 'bear[s] the cost of the harm for which it is legally responsible.'" *Id.* (quoting *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1020 (8th Cir. 2002)) (alteration original). The consent judgment limits the plaintiffs' relief to the issues related to the vendor-disclosure requirement challenged in count two of the complaint, which this Court previously held likely violated the First Amendment. Doc. 47 at 6–8. The Executive Director for the Minnesota Campaign Finance and Public Disclosure Board testified before the Minnesota Legislature that the Board believes "it is very unlikely that the state would prevail if this [issue] came to a full trial" and there "is not a way forward to defend that particular statute." *Hearing on HF 4239 before Minn. House Elections Fin. & Gov't Operations Comm.*, Minn. 94th Leg. Sess. at 1:04:50–1:05:28 (Mar. 18, 2026) (testimony of J. Sigurdson), available at https://www.house.mn.gov/hjvid/94/899912.[1] The proposed judgment and injunction is substantively fair.

---

[1] In response to the litigation and this Court's issuance of a preliminary injunction, the state legislature passed and Governor Tim Walz signed HF 4239 on May 18, 2026. The bill repealed Minn. Stat. § 10A.04, subd. 6(d).

The Court also finds that the consent judgment is reasonable. "Factors that courts look to when considering reasonableness include whether the consent judgment reflects a resolution of the allegations in the complaint, whether the terms of the consent judgment are clear, and the relative strength of the parties' positions." *Wealth Enhancement Grp.*, 2024 U.S. Dist. LEXIS at *5 (quotation omitted). For reasons similar to those discussed above, the consent judgment here is reasonable because it is clear and tailored to the strength of the parties' position as to the claim in count two. Likewise, the proposed judgment and injunction is "consistent with the underlying policies and goals of the" First Amendment. *See id.* at *5–6.

Thus, the Court determines that entering the proposed consent judgment and permanent injunction is an appropriate exercise of its equitable powers and GRANTS the parties' motion.

It is therefore ORDERED, DECLARED, and ADJUDGED that:

1. The Minnesota law, previously codified at Minn. Stat. § 10A.04, subd. 6(d), and described in count two of the plaintiffs' complaint, violated the plaintiffs' First Amendment rights;
2. The official-capacity defendants, including their successors,[2] agents, servants, employees, and all persons in active concert or participation with them are PERMANENTLY ENJOINED from enforcing or

[2] The official-capacity defendants' successors include those public officers substituted throughout the pendency of the litigation under Federal Rule of Civil Procedure 25(d).

attempting to enforce against the plaintiffs in this action the requirement previously codified in section 10A.04, subd. 6(d), namely, to "report disbursements made and obligations incurred that exceed $2,000 for paid advertising used for the purpose of urging members of the public to contact public or local officials to influence official actions during the reporting period," where paid advertising "includes the cost to boost the distribution of an advertisement on social media" and the report would "provide the date that the advertising was purchased, the name and address of the vendor, a description of the advertising purchased, and any specific subjects of interest addressed by the advertisement." Minn. Stat. § 10A.04, subd. 6(d) (2025).

3. All claims against Megan Engelhardt in her individual capacity are DISMISSED with prejudice;

4. Count One is DISMISSED against all defendants with prejudice;

5. Judgment is entered against the official-capacity defendants, but not against Megan Engelhardt in her individual capacity, and in favor of the plaintiffs on Count Two;

6. The plaintiffs are deemed a prevailing party for the purpose of recovering reasonable attorneys' fees and expenses from the official-capacity defendants under 42 U.S.C. § 1988 and for the purpose of recovering taxable costs from the official-capacity defendants under Fed. R. Civ. P. 54(d);

7. The official-capacity defendants shall pay the plaintiffs' reasonable fees and costs in the amount of $ 95,000.

8. This Court shall retain jurisdiction over this matter to enforce the provisions of this consent judgment and permanent injunction.

Dated: _______ ___, 2026

___________________________
JUDGE NANCY E. BRASEL
U.S. District Court