**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MINNESOTA RIGHT TO LIFE; and MINNESOTA GUN RIGHTS,

Plaintiffs,

v.

FARIS RASHID, in his official capacity as Chair of the Minnesota Campaign Finance and Public Disclosure Board; CAROL FLYNN, STEPHEN SWANSON, GEORGE SOULE, DAVID ASP, and JEFF SIGURDSON, in their official capacity as a member of the Minnesota Campaign Finance and Public Disclosure Board; MEGAN ENGELHARDT, in her individual and official capacity as the assistant executive director of the Minnesota Campaign Finance and Public Disclosure Board; JOHN CHOI, in his official capacity as the Ramsey County Attorney; KATHRYN M. KEENA, in her official capacity as the Dakota County Attorney; and MARY MORIARTY, in her official capacity as the Hennepin County Attorney,

Defendants.

Case No. 25-CV-2476 (NEB/DTS)

ORDER ON JOINT MOTION TO DISMISS AND FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION

---

Before the Court is the parties' joint motion to dismiss and for entry of a consent judgment and permanent injunction. The Court, having reviewed the motion and the terms of the proposed consent judgment, finds that the proposed judgment and injunction are "substantively and procedurally fair, reasonable, and consistent with the

governing law." *Wealth Enhancement Grp. LLC v. Darrah*, No. 23-CV-3034 (JMB/JFD), 2024 WL 7011276, at *1–2 (D. Minn. Dec. 26, 2024) (quotation omitted).

"A consent judgment is procedurally fair when the parties' negotiations were conducted 'in good faith and at arm's length.'" *Id.* at *2 (quoting *Ctr. for Biological Diversity v. Strommen*, 657 F. Supp. 3d 1187, 1195 (D. Minn. 2023)). Here, the proposed judgment is procedurally fair because "[b]oth parties are represented by experienced counsel who negotiated the agreement at arm's length," and "[t]he record does not supply any reason to doubt the good faith negotiating of both parties." *Id.*

"Substantive fairness considers 'concepts of corrective justice and accountability,' to ensure that a party 'bear[s] the cost of the harm for which it is legally responsible.'" *Id.* (quoting *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1020 (8th Cir. 2002)). The consent judgment limits the plaintiffs' relief to the issues related to the vendor-disclosure requirement challenged in count two of the complaint, which this Court previously held likely violated the First Amendment. ECF No. 47, at 6–8. The Executive Director for the Minnesota Campaign Finance and Public Disclosure Board testified before the Minnesota Legislature that the Board believes "it is very unlikely that the state would prevail if this [issue] came to a full trial" and there "is not a way forward to defend that particular statute." *Hearing on HF 4239 Before the Minn. House Elections Fin. & Gov't Operations Comm.*, Minn. 94th Leg. Sess. 1:04:50–1:05:28 (Mar. 18, 2026) (testimony of J. Sigurdson).[1] The proposed judgment and injunction is substantively fair.

---

[1] Available at https://www.house.mn.gov/hjvid/94/899912. In response to the litigation and this Court's issuance of a preliminary injunction, the state legislature passed and Governor Tim Walz signed HF 4239 on May 18, 2026. The bill repealed Minn. Stat. § 10A.04, subd. 6(d).

The Court also finds that the consent judgment is reasonable. "Factors that courts look to when considering reasonableness include whether the consent judgment reflects a resolution of the allegations in the complaint, whether the terms of the consent judgment are clear, and the relative strength of the parties' positions." *Wealth Enhancement Grp.*, 2024 WL 7011276, at *2 (quotation omitted). For reasons similar to those discussed above, the consent judgment here is reasonable because it is clear and tailored to the strength of the parties' position as to the claim in count two. Likewise, the proposed judgment and injunction is "consistent with the underlying policies and goals of the" First Amendment. *Id.* (quoting *BP Amoco Oil*, 277 F.3d at 1021).

Thus, the Court determines that entering the proposed consent judgment and permanent injunction is an appropriate exercise of its equitable powers and grants the parties' motion.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The parties' Joint Motion to Dismiss and for Entry of Consent Judgment and Permanent Injunction (ECF No. 61) is GRANTED;

2. It is hereby DECLARED that the Minnesota law, previously codified at Minn. Stat. § 10A.04, subdiv. 6(d), and described in Count Two of the plaintiffs' complaint, violated plaintiffs' rights under the First Amendment of the United States Constitution;

3. The defendants in their official capacity,[2] including their successors, agents, servants, employees, and all persons in active concert or participation with them are PERMANENTLY ENJOINED from enforcing or attempting to enforce against the plaintiffs in this action the requirement previously codified at Minn. Stat. § 10A.04, subdiv. 6(d), namely, to "report disbursements made and obligations incurred that exceed $2,000 for paid advertising used for the purpose of urging members of the public to contact public or local officials to influence official actions during the reporting period," where paid advertising "includes the cost to boost the distribution of an advertisement on social media" and the report would "provide the date that the advertising was purchased, the name and address of the vendor, a description of the advertising purchased, and any specific subjects of interest addressed by the advertisement." Minn. Stat. § 10A.04, subd. 6(d) (2025).

4. All claims against Defendant Megan Engelhardt in her individual capacity are DISMISSED WITH PREJUDICE;

5. Count One is DISMISS WITH PREJUDICE against all defendants;

6. Judgment is entered against the defendants in their official capacity, but not against Megan Engelhardt in her individual capacity, and in favor of the plaintiffs on Count Two;

7. The plaintiffs are deemed a prevailing party for the purpose of recovering reasonable attorneys' fees and expenses from the official-capacity defendants

---

[2] Defendants in their official capacity and their successors include those public officers substituted throughout the pendency of the litigation under Rule 25(d) of the Federal Rules of Civil Procedure.

under 42 U.S.C. § 1988 and for the purpose of recovering taxable costs from the official-capacity defendants under Fed. R. Civ. P. 54(d); and

8. This Court shall retain jurisdiction over this matter to enforce the provisions of this consent judgment and permanent injunction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 15, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge